IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APPLIED OPTICAL TECHNOLOGIES HOLDINGS, INC., a Colorado corporation,<br><br>      Plaintiff,<br><br>v.<br><br>RR DONNELLEY & SONS COMPANY and MOORE CANADA RR DONNELLEY MOORE WALLACE PARTNERSHIP,<br><br>      Defendants. | C.A. No. |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Applied Optical Technologies Holdings, Inc. ("AOTH") hereby sets forth its Complaint for Patent Infringement against Defendants, RR Donnelley & Sons Company ("RR Donnelley") and Moore Canada RR Donnelley Moore Wallace Partnership ("Moore Wallace"), as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et. seq.*, and in particular, arising under 35 U.S.C. § 271.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. § 281 and 28 U.S.C. § 1331, because the actions asserted herein arise under the laws of the United States; 28 U.S.C. § 1332, because this action arises under an Act of Congress regulating commerce or protecting trade and commerce against restraints

and monopolies; and 28 U.S.C. § 1338(a), because there is complete diversity between the plaintiff and all defendants and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

3. Venue over this action is proper in this Court pursuant to 28 U.S.C. §§ 1391(a), 1391(b) and 1400(b) because this Judicial District is a judicial district in which a substantial part of the events giving rise to the claims asserted herein occurred, because Defendants are subject to personal jurisdiction and therefore reside within this Judicial District and, because Defendants have a regular and established place of business in this Judicial District.

4. Defendants are subject to personal jurisdiction in this Court pursuant to 42 Pa.C.S. § 5322, because Defendants conduct a systematic and regular business activity which constitutes transacting business within the Commonwealth of Pennsylvania in accordance with 42 Pa.C.S. § 5321(a) and are subject to the jurisdiction of this Court to the fullest extent allowed under the Constitution of the United States in accordance with 42 Pa.C.S. § 5322(b).

## THE PARTIES

5. Plaintiff, AOTH, is a Colorado corporation, having it principal place of business at 535 16th Street, Suite 920, Denver, Colorado 80202. AOTH owns numerous patents related to motor vehicle temporary tag technology.

6. Defendant, RR Donnelley is a Delaware corporation with its principal place of business located at 111 South Wacker Drive, Chicago, Illinois 60606. RR Donnelley is a multi-national corporation which transacts business in numerous states within the United States, including the Commonwealth of Pennsylvania.

7. Defendant, Moore Wallace is a Canadian business entity with its principal place of business located at 6100 Vipond Drive, Mississauga, Ontario L5T 2X1. Moore Wallace is wholly owned and controlled by RR Donnelley and is engaged in numerous business activities including, but not limited to, the making, offering for sale, selling and use of the inventions relating to temporary motor vehicle tags as set forth in one or more of the claims of certain United States Patents owned by AOTH, as described more fully hereinbelow.

8. RR Donnelley and Moore Wallace are hereinafter sometimes collectively referred to as "the Defendants". The Defendants have acted in concert in the conduct which constitutes the acts of infringement set forth hereinbelow.

## **BACKGROUND**

9. AOTH is the owner of the following U.S. Patents (among others) that relate to temporary vehicle tags: (i) U.S. Patent No. 5,370,763 (the "'763 Patent"); (ii) U.S. Patent No. 5,704,652 (the "'652 Patent"); (iii) U.S. Patent No. 6,364,994 (the "'994 Patent"); and (iv) U.S. Patent No. 6,837,960 (the "'960 Patent").

10. AOTH, through its operating entities, makes and sells temporary motor vehicle tags to numerous state motor vehicle departments within the United States. Although there are certain minor variations in the temporary vehicle tags sold from state to state, in general, such temporary vehicle tags include a substrate made typically of paper or cardboard having a zone for inserting information, typically an expiration date in the form MM/DD/YYYY. The zone has disposed therein a refractive image, such as a strip of holographic tape. The expiration date is written over top of the refractive strip. After the expiration date is written, the refractive strip can then be, optionally, covered

by a transparent tape, which preferably has a "write resist" covering. The refractive strip and the write resist surface of the transparent tape combine to resist both photocopy duplication of the temporary tag vehicle tag and alteration of the inserted expiration date. This temporary motor vehicle tag product, which has been sold by AOTH for over ten years, has been a major success in the market, as evidenced by the fact that numerous state motor vehicle departments have adopted AOTH's patented technology for use as their temporary motor vehicle tags.

11. On or about July 11-13, 2006, a trade show was hosted by the American Association of Motor Vehicle Administrators (AAMVA) at a location in Omaha, Nebraska. At this trade show, a representative of AOTH discovered that the Defendants had a display and sales booth, which displayed samples of a temporary motor vehicle tag offered for sale by Defendants. A sample temporary motor vehicle tag obtained from the Defendants' display and sales booth is attached as "Exhibit A."

12. A representative of Defendants, who's name is believed to be Dave Emmert, admitted to the AOTH representative that Defendants have been and are making, offering for sale and selling Defendants' temporary motor vehicle tags to various state transportation departments and are selling, supplying and continuing to sell and supply such temporary motor vehicle tags to the New Mexico Department of Motor Vehicles. The AOTH representative immediately informed Mr. Emmert that AOTH has proprietary patent rights in temporary motor vehicle tags and that the Defendants' temporary motor vehicle tags infringe those rights.

13. On information and belief, Defendants knew of AOTH's exclusive patent rights prior to the AAMVA show in July 2006. However, after that time, due to the

AOTH representative informing Defendants of AOTH's exclusive patent rights, Defendants' ongoing infringement is clearly with actual knowledge of AOTH's patents and is willful, intentional and deliberate.

14.  As a direct and proximate result of Defendants' acts of infringement and other violations of law, AOTH has suffered and continues to suffer damages and irreparable harm for which there is no adequate remedy at law.

## COUNT I:  PATENT INFRINGEMENT
## ('763 PATENT)

15.  AOTH realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 14 of this Complaint.

16.  The '763 Patent was duly and legally issued by the United States Patent and Trademark Office ("USPTO") for the invention entitled TAMPER EVIDENT AND COUNTERFEIT RESISTING INFORMATIONAL ARTICLE AND ASSOCIATED METHOD.  AOTH is the sole owner of the '763 Patent by assignment.  A copy of the '763 Patent is attached hereto as "Exhibit B."

17.  Defendants have infringed and are infringing, have induced and are inducing others to infringe and/or have contributed and are contributing to the infringement by others of the '763 Patent by making, using, offering for sale, importing or selling in the United States temporary motor vehicle tags that infringe the '763 Patent and Defendants will continue to do so unless enjoined by this Court.

18.  Defendants' infringement is willful and in deliberate disregard of AOTH's rights thereunder.

19.  As a direct and proximate consequence of the acts and practices alleged, AOTH has been, is being and, unless such acts and practices are enjoined by the

5

Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which AOTH is entitled to relief under 35 U.S.C. § 284.

20. By reason of the acts and practices alleged herein, Defendants have caused, are causing and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to AOTH for which AOTH has no adequate remedy at law and for which AOTH is entitled to injunctive relief under 35 U.S.C. § 283.

## COUNT II: PATENT INFRINGEMENT ('652 PATENT)

21. AOTH realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 20 of this Complaint.

22. The '652 Patent was duly and legally issued by the USPTO for the invention entitled TAMPER EVIDENT AND COUNTERFEIT RESISTING INFORMATIONAL ARTICLE AND ASSOCIATED METHOD. AOTH is the sole owner of the '652 Patent by assignment. A copy of the '652 Patent is attached hereto as "Exhibit C."

23. Defendants have infringed and are infringing, have induced and are inducing others to infringe and/or have contributed and are contributing to the infringement by others of the '652 Patent by making, using, offering for sale, importing or selling in the United States temporary motor vehicle tags that infringe the '652 Patent and Defendants will continue to do so unless enjoined by this Court.

24. Defendant's infringement is willful and in deliberate disregard of AOTH's rights thereunder.

25. As a direct and proximate consequence of the acts and practices alleged, AOTH has been, is being and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which AOTH is entitled to relief under 35 U.S.C. § 284.

26. By reason of the acts and practices alleged herein, Defendants have caused, are causing and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to AOTH for which AOTH has no adequate remedy at law and for which AOTH is entitled to injunctive relief under 35 U.S.C. § 283.

## COUNT III: PATENT INFRINGEMENT ('994 PATENT)

27. AOTH realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 26 of this Complaint.

28. The '994 Patent was duly and legally issued by the USPTO for the invention entitled TAMPER EVIDENT AND COUNTERFEIT RESISTING INFORMATIONAL ARTICLE AND ASSOCIATED METHOD. AOTH is the sole owner of the '994 Patent by assignment. A copy of the '994 Patent is attached hereto as "Exhibit D."

29. Defendants have infringed and are infringing, have induced and are inducing others to infringe and/or have contributed and are contributing to the infringement by others of the '994 Patent by making, using, offering for sale, importing or selling in the United States temporary motor vehicle tags that infringe the '994 Patent and Defendants will continue to do so unless enjoined by this Court.

30. Defendants' infringement is willful and in deliberate disregard of AOTH's rights thereunder.

31. As a direct and proximate consequence of the acts and practices alleged, AOTH has been, is being and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which AOTH is entitled to relief under 35 U.S.C. § 284.

32. By reason of the acts and practices alleged herein, Defendants have caused, are causing and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to AOTH for which AOTH has no adequate remedy at law, and for which AOTH is entitled to injunctive relief under 35 U.S.C. § 283.

## COUNT IV: PATENT INFRINGEMENT ('960 PATENT)

33. AOTH realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 32 of this Complaint.

34. The '960 Patent was duly and legally issued by the USPTO for the invention entitled INFORMATIONAL ARTICLE AND ASSOCIATED METHOD. AOTH is the sole owner of the '960 Patent by assignment. A copy of the '960 Patent is attached hereto as "Exhibit E."

35. Defendants have infringed and are infringing, have induced and are inducing others to infringe and/or have contributed and are contributing to the infringement by others of the '960 Patent by making, using, offering for sale, importing

or selling in the United States temporary motor vehicle tags that infringe the '960 Patent and Defendants will continue to do so unless enjoined by this Court.

36. Defendants' infringement is willful and in deliberate disregard of AOTH's rights thereunder.

37. As a direct and proximate consequence of the acts and practices alleged, AOTH has been, is being and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which AOTH is entitled to relief under 35 U.S.C. § 284.

38. By reason of the acts and practices alleged herein, Defendants have caused, are causing and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to AOTH for which AOTH has no adequate remedy at law, and for which AOTH is entitled to injunctive relief under 35 U.S.C. § 283.

## **PRAYER FOR RELIEF**

WHEREFORE, AOTH prays for relief against the Defendants as follows:

A. For judgment declaring that Defendants have infringed, induced the infringement of, or contributorily infringed United States Patent Nos. 5,370,763; 5,704,652; 6,364,994; and/or 6,837,960 ("AOTH'S U.S. Patents") and that such infringements have been willful.

B. For a temporary restraining order and preliminary and permanent injunction recall requiring Defendants to all of the infringing temporary vehicle tags, and enjoining Defendants, their officers, agents, servants, representatives, employees, attorneys,

9

privies, successors and assigns, and all persons and entities holding by, through, or under them, and all those acting for or on their behalf, or acting in concert with them, from directly or indirectly making or causing to be made, importing causing to be imported, using or causing to be used, offered for sale or causing to be offered for sale or selling or causing to be sold the infringing temporary vehicle tags, or any other product which infringes any of AOTH's U.S. Patents, and from any other further infringement, contributory infringement, or inducement of infringement of any of AOTH's U.S. Patents as authorized by 35 U.S.C. § 283.

C. For monetary relief as follows:

1. A judgment requiring the Defendants to pay to AOTH damages adequate to compensate for the infringements, but in no event less than a reasonable royalty for the use made of AOTH's inventions by the Defendants, together with interest and costs as fixed by the Court, caused by reason of the Defendants infringement, inducement of infringement or contributory infringement any of AOTH's U. S. Patents as authorized by 35 U.S.C. § 284.

2. An judgment awarding AOTH increased damages in view of the Defendants' intentional, willful and wanton violation of AOTH's U.S. Patents, as well as prejudgment interest, plus AOTH's costs, expenses and attorney fees in this action as authorized by 35 U.S.C. §§ 284 and 285.

D. Such other, further and different relief as the Court deems just and proper.

ECKERT SEAMANS CHERIN & MELLOTT, LLC

Date: August 25, 2006

/s/ Mark A. Willard
Mark A. Willard, Esq.
PA I.D. No. 18103
David V. Radack, Esq.
PA I.D. No. 39633
U.S. Steel Tower
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
Telephone: (412) 566.6171
Facsimile: (412) 566.6099
E-mail: mwillard@eckertseamans.com
dradack@eckertseamans.com

Attorneys for Applied Optical Technologies Holdings, Inc.

11